UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENITA GREINER, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES, LLC,<br>A Washington Limited Liability Company,<br><br><br>              Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, BENITA "BENNIE" GREINER, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, JOHNSON BECKER, PLLC and DIAMOND MASSONG, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendants, AMAZON.COM SERVICES, LLC (hereafter referred to as "Amazon" or "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## I.    **NATURE OF THE CASE**

1. This is a product liability action seeking recovery for personal injuries and damages suffered by Plaintiff after Plaintiff purchased and used a "Pariplus Grill Stand" (referred to hereafter as "grill stand(s)" or "subject grill stand") distributed, marketed, advertised, promoted, distributed, and sold by Defendant.

2. On or about June 15, 2025, Plaintiff purchased the subject grill stand directly from

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 1

DiamondMassong, PLLC<br>1325 Fourth Avenue, Suite 1744<br>Seattle, WA 98101<br>206.445.1258 Phone ♦ 206.445.1257 Fax

Defendant (Order No.112-5555293-4513029).

3.      On or about July 27, 2025, Plaintiff was using the grill stand consistent with its intended purpose when the subject grill stand suddenly and unexpectedly collapsed, resulting in, *inter alia*, a partial amputation of Plaintiff's right middle finger. Said injuries have had a lasting and profound impact on Plaintiff.

4.      On or about March 26, 2026, the Consumer Products Safety Commission ("CPSC") issued a warning involving the subject grill stand.  The CPSC reported that it was aware of "at least 21 incidents" where "consumers' fingers have been caught in pinch point areas, including the sliding track for the legs of the product, when the product folds or collapses, resulting in a fingertip amputation, a fractured finger and five lacerations requiring stitches."  A copy of the Notice is attached hereto as Exhibit A and incorporated by reference.

5.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its grill stands to consumers and failing to warn said consumers of the serious risks posed by the defects to Plaintiff and consumers like her.

6.      As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## II.     BENITA "BENNIE" GREINER

7.      Plaintiff is a resident and citizen of the City of Old Hickory, County of Davidson, State of Tennessee. Plaintiff is therefore deemed to be a resident and citizen of the State of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8.      On or about July 27, 2025, Plaintiff was using the subject grill stand consistent with its intended purpose when it suddenly and unexpectedly collapsed, resulting in, *inter alia*, a partial amputation of Plaintiff's right middle finger. Said injuries have had a lasting and profound impact on Plaintiff.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 2

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ♦ 206.445.1257 Fax

### III.   DEFENDANT AMAZON.COM SERVICES, LLC

9.    Defendant Amazon markets, imports, distributes, and sells a variety of consumer products, including the subject grill stand in this case.

10.   Defendant Amazon.com Services LLC is a privately held limited liability company. Its sole member is Amazon.com Sales, Inc.  Amazon.com Sales, Inc. is a privately held corporation and a wholly owned subsidiary of Amazon.com, Inc. Amazon.com, Inc. is a publicly traded corporation. It has no parent company, and no other publicly held corporation owns 10% or more of Amazon.com, Inc.'s stock.  Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11.   At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject grill stand, which caused Plaintiff's injuries and damages.

### IV.   JURISDICTION AND VENUE

19.   This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

20.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Amazon is a resident and citizen of the State of Washington.

### V.   FACTUAL BACKGROUND

21.   Defendant is engaged in the business of marketing, importing, distributing, and selling a wide range of consumer products, including the subject "Pariplus Grill Stand" that is at issue in this case.

22.   On or about June 15, 2025, Plaintiff purchased the subject grill stand directly from the Defendant (Order No.112-5555293-4513029).

23.   On or about July 27, 202, Plaintiff was using the grill stand consistent with its intended purpose when it suddenly and unexpectedly collapsed, resulting in, *inter alia*, a partial

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 3

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

amputation of Plaintiff's right middle finger. Said injuries have had a lasting and profound impact on the Plaintiff.

24.    On or about March 26, 2026 the Consumer Products Safety Commission ("CPSC") issued a warning involving the subject grill stand.  The CPSC reported that it was aware of "at least 21 incidents" where "consumers' fingers have been caught in pinch point areas, including the sliding track for the legs of the product, when the product folds or collapses, resulting in a fingertip amputation, a fractured finger and five lacerations requiring stitches." *See*, Exhibit A.

25.    By reason of the forgoing acts or omissions, Plaintiff purchased and used the grill stand with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use as a grill stand.

26.    Plaintiff used the subject grill stand for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendant.

27.    However, the aforementioned grill stand was defectively and negligently designed and manufactured in that it failed to properly function as to prevent it from collapsing, thereby placing Plaintiff, her family, and similar consumers in danger while using the grill stands.

28.    The subject grill stands possess defects that make them unreasonably dangerous for their intended use by consumers because of the risk they will suddenly and unexpectedly collapse.

29.    Economic, safer alternative designs were available that could have prevented the events as described herein.

30.    Defendant knew or should have known that its grill stands possessed defects that pose a serious safety risk to Plaintiff and the public.

31.    As a direct and proximate result of Defendant's failure to timely warn consumers of such defects, its negligent misrepresentations, and its failure to timely remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous grill stand, which resulted in significant and painful bodily injuries to Plaintiff.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 4

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

32.    Consequently, Plaintiff seeks damages resulting from the use of the grill stand as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, property damage, diminished enjoyment of life, and other damages.

## VI.    CLAIMS FOR RELIEF

### COUNT I - STRICT PRODUCTS LIABILITY

33.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

34.    The manufacturer of the product, "Maiduo," is a Chinese company, and is not subject to service of process in the States of Washington, Tennessee or the United States consistent with Tenn. Code Ann. §29-28-106, *et seq.*

35.    At the time of Plaintiff's injuries, the grill stands marketed, imported, distributed, and sold by Defendant were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

36.    The subject grill stands, including Plaintiff's grill stand, were in the same or substantially similar condition as when they left the possession of Defendant.

37.    Plaintiff did not misuse or materially alter the grill stand.

38.    The grill stands did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

39.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the grill stands safe. Specifically:

 a.    The grill stands imported, distributed, marketed, supplied and/or sold by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

 b.    The seriousness of the potential laceration and amputation injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use; and

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 5

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ♦ 206.445.1257 Fax

c.  Defendant failed to properly import, distribute, market, supply, and sell the grill stands, despite having extensive knowledge that the aforementioned injuries could and did occur.

40.    Defendant's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II - NEGLIGENCE

41.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

42.    The manufacturer of the product, "Maiduo," is a Chinese company, and is not subject to service of process in the States of Washington, Tennessee or the United States consistent with Tenn. Code Ann. §29-28-106, *et seq.*

43.    Defendant had a duty of reasonable care to import, distribute, market, supply, and sell non-defective grill stands that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

44.    Defendant failed to exercise ordinary care in the import, distribution, supply, warnings, quality assurance, quality control, advertising, marketing, promotion, and sale of the subject grill stands in that Defendant knew or should have known that said grill stands created a high risk of unreasonable harm to Plaintiff and consumers alike.

45.    Defendant was negligent in the import, distribution, supply, advertising, warning, marketing and sale of the subject grill stands in that, among other things, they:

a.  Failed to use due care in importing, distributing, supplying, advertising, marketing and selling the grill stands to avoid the aforementioned risks to individuals;

b.  Placed an unsafe product into the stream of commerce; and

c.  Were otherwise careless or negligent.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 6

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

46.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

47.     The manufacturer of the product, "Maiduo," is a Chinese company, and is not subject to service of process in the States of Washington, Tennessee or the United States consistent with Tenn. Code Ann. §29-28-106, *et seq*.

48.     Defendant imported, marketed, distributed, supplied, and sold the subject grill stands with an implied warranty that they were fit for using and holding a grill safely and effectively.

49.     Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

50.     The grill stands were not merchantable due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

51.     Plaintiff reasonably relied on Defendants' representations that grill stands could be used for  using and holding a grill safely and effectively.

52.     Defendant's breach of the implied warranty of merchantability was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### COUNT IV - BREACH OF EXPRESS WARRANTY

53.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 7

54. Defendant expressly warranted that its grill stands were safe and effective to members of the consuming public, including Plaintiff and her family. Moreover, Defendant expressly warranted that the grill stands could be opened "safely, and without hassle." Specifically:

**Improved Folding System**
We've upgraded the folding mechanism with an auto-locking system, allowing you to open and fold the cart quickly, safely, and without hassle. It locks securely in place when unfolded and releases smoothly when it's time to pack up.

*See,* https://www.amazon.ae/Pariplus-Foldable-Upgraded-Blackstone-Woodfire/dp/B0FLPDMLH7

55. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

56. Defendant's grill stands do not conform to these express representations due to unsafe unguarded pinch points, making the grill stands not safe for use by consumers.

57. Plaintiff used the grill stand with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of grilling.

58. Plaintiff's injuries were the direct and proximate result of Defendant's breach of its express warranties.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## VII.    INJURIES & DAMAGES

59. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

60. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 8

enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

61.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

### VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as all costs of this action, and interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.   Judgment for Plaintiff and against Defendant;

b.   Damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of the Defendants' grill stand;

c.   Pre and post-judgment interest at the lawful rate;

d.   A trial by jury on all issues of the case; and

e.   For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

### JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried by a properly impaneled jury to the extent permitted under the law.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 9

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

Respectfully submitted,

**DIAMOND MASSONG, PLLC**

Dated: 7/7/2026

By: _Maria J. Diamond_

Maria S. Diamond, WSBA No. 13472
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
(206) 445-1258
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

/s/ Adam J. Kress
Adam J. Kress, Esq., MN ID #0397289
*Pro Hac Vice application forthcoming*
Zack S. Kaylor, Esq., MN ID # 0400854
*Pro Hac Vice application forthcoming*
Anna R. Rick, Esq., MN ID #0401065
*Pro Hac Vice application forthcoming*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 10